1 ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
2 ALISON S. HIGHTOWER, Bar No. 112429
ahightower@littler.com
3 GILBERT CASTRO, Bar No. 269872
gcastro@littler.com
4 LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
5 San Francisco, California 94104
Telephone: 415.433.1940
6 Facsimile: 415.399.8490

7 Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LEWIS, on behalf of himself, all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 100, Inclusive,<br><br>    Defendants. | Case No. 16-cv-00749-JCS<br><br>**SOUTHWEST AIRLINES CO.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>**[28 U.S.C. § 1404]**<br><br>Date: April 22, 2016<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph C. Spero<br>Courtroom: G |

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    A. The Situs Of The Material Events In This Case Supports Transfer To Texas. ........... 2

        1. Plaintiff Does Not Dispute That Courts Have Transferred FCRA Lawsuits To The District Where the Defendant Had Its Headquarters. .......... 2

        2. Plaintiff Has No Contacts With This District. .................................................. 3

        3. SWA's Oakland Field Office Does Not Support Venue In This District .......... 3

    B. Plaintiff Does Not Dispute That The Convenience Of Witnesses Supports Transfer To Texas. .......................................................................................................... 4

    C. The Location And Convenience Of Plaintiff And His Counsel Do Not Override The Convenience Of SWA's Witnesses And Potential Class Members. ..................................................................................................................... 6

    D. Plaintiff's Choice Of Forum Is Not Entitled To Deference Given His Evident Forum Shopping. .......................................................................................................... 7

    E. Plaintiff's California Law Claims Do Not Weigh Against Transfer. ......................... 9

    F. The Northern District Of Texas Has A Greater Local Interest In This Case. ........... 11

    G. Sources Of Proof Are More Conveniently Located In Texas. .................................. 12

    H. Trial Will Not Be Delayed By Transfer To Texas. .................................................. 12

    I. Any Difference In Costs Between The Two Forums Is Irrelevant Or Weighs In Favor Of Transfer. ................................................................................................. 13

    J. Plaintiff's Request For Transfer To The Central District Of California Is Improper. .................................................................................................................... 13

III. CONCLUSION ................................................................................................................ 14

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alibris v. ADT, LLC,*
 No. CV-14-6367-DMG (C.D. Cal. Dec. 29, 2014) ................................................................. 10

*Barela v. Experian Info. Solutions, Inc.,*
 2005 U.S. Dist. LEXIS 19105, 2005 WL 770629 (N.D. Ill. Apr. 4, 2005) ...................... 2

*Bloom v. Express Servs.,*
 2011 U.S. Dist. LEXIS 43429 (N.D. Cal. April 19, 2011) ................................................ 11

*Commodity Futures Trading Commission v. Savage,*
 611 F.2d 270 (9th Cir. 1979) ................................................................................................. 9

*Cordua v. Navistar Int'l Transp. Corp.,*
 2011 U.S. Dist. LEXIS 3345 (N.D. Cal. Jan. 7, 2011) ..................................................... 13

*Davis v. Social Service Coordinators, Inc.,*
 2013 U.S. Dist. LEXIS 118414 (E.D. Cal. Aug. 16, 2013) ............................................. 10

*Decker Coal Co. v. Commonwealth Edison Co.,*
 805 F.2d 834 (9th Cir. 1986) ............................................................................................. 9, 11

*E. & J. Gallo Winery v. F. & P.S.p.A.,*
 899 F.Supp.465 (E.D. Cal. 1994) ......................................................................................... 9

*Evancho v. Sanofi-Aventis U.S., Inc.,*
 2007 U.S. Dist. LEXIS 35500 (N.D. Cal. May 3, 2007) ................................................... 7

*Gates Learjet Corp. v. Jensen,*
 743 F. 2d 1325 (9th Cir. 1984) ............................................................................................ 13

*Harms v. Experian Info. Solutions, Inc.,*
 2007 U.S. Dist. LEXIS 40154 (N.D. Cal. May 14, 2007) ................................................. 2

*Henderson v. HireRight Solutions, Inc.,*
 2010 U.S. Dist. LEXIS 56154 (E.D. Pa. June 7, 2010) ..................................................... 2

*Hoefer v. United States DOC,*
 2000 U.S. Dist. LEXIS 9299 (N.D. Cal. June 28, 2000) ............................................. 9, 10

*Holliday v. Lifestyle Lift, Inc.,*
 2010 U.S. Dist. LEXIS 110296 (N.D. Cal. Oct. 15, 2010) .............................................. 10

*In re Funeral Consumers Antitrust Litig.,*
 2005 U.S. Dist. LEXIS 48243 (N.D. Cal. Sept. 23, 2005) ........................................... 4, 10

*In re Horseshoe Entm't,*
 337 F.3d 429 (5th Cir. 2003) ................................................................................................. 6

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

ii

Case No. 16-cv-00749-JCS

| | Page(s) |
|---|---|
| *Klingensmith v. Paradise Shops, Inc.*, 2007 U.S. Dist. LEXIS 51591, 2007 WL 2071677 (W.D. Pa. Jul. 17, 2007) | 2 |
| *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947) | 1, 7, 8 |
| *Machado v. CVS Pharmacy Inc.*, 2014 U.S. Dist. LEXIS 20049 (N.D. Cal. Feb. 18, 2014) | 4 |
| *Pacific Car And Foundry Co. v. Pence*, 403 F. 2d 949 (9th Cir. 1968) | 8 |
| *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) | 9 |
| *Rafton v. Rydex Serios Funds*, WL 2010 2629578 (N.D. Cal. June 29, 2010) | 8 |
| *Roe v. Intellicorp Records, Inc.*, 2012 U.S. Dist. LEXIS 121449 (N.D. Cal. Aug. 27, 2012) | 2, 6, 12 |
| *Royal Queentex Enterprises v. Sara Lee Corp.*, 2000 WL 246599 (N.D. Cal. 2000) | 9 |
| *Russell v. Werner Enterprises, Inc.*, 2014 U.S. Dist. LEXIS 142081 (N.D. Cal. Oct. 6, 2014) | 12 |
| *Smith v. Aetna Life Ins. Co.*, 2011 U.S. Dist. LEXIS 99801, 2011 WL 3904131 (N.D. Cal. Sept. 6, 2011) | 6 |
| *Smith v. HireRight Solutions, Inc.*, 2010 U.S. Dist. LEXIS 55477 (E.D. Pa. Jun. 7, 2010) | 1, 2, 6 |
| *Solomon v. Continental American*, 472 F.2d 1043 (3d Cir. 1974) | 6 |
| *Sonoda v. Amerisave Mortg. Corp.*, 2011 U.S. Dist. LEXIS 72234 (N. D. Cal. July 6, 2011) | 10, 13 |
| *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911 (N.D. Cal. 2015) | 6, 8 |
| *Wade v. Industrial Funding Corp.*, 1992 WL 207926 (N. D. Cal. May 28, 1992) | 8, 9 |
| *Williams v. Sears Roebuck & Co.*, 1998 U.S. Dist. LEXIS 1859 (N.D. Cal. Jan. 29, 1998) | 7 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S MOTION TO TRANSFER VENUE — iii. — Case No. 16-cv-00749-JCS

|   | **Page(s)** |
|---|---|

**Statutes**

| 15 U.S. Code section 1681n | 5 |
| 15 U.S. Code section 1681n(a)(1)(A)(3) | 13 |
| California Civil Code section 1785.31(a)(1) | 11 |
| California Civil Code section 1785.31(2)(A) | 11 |
| California Civil Code section 1786.50(a)(1) | 11 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

iv.

Case No. 16-cv-00749-JCS

## I. SUMMARY OF ARGUMENT

In his Opposition, Plaintiff makes seven dispositive concessions that demonstrate the Court should grant Defendant Southwest Airlines' ("SWA") motion to transfer venue:

- This action could have been brought in the Northern District of Texas;
- Plaintiff does not live in this district, did not apply for work with SWA in this district, and never worked for SWA in this district;
- Plaintiff brings a nationwide class action involving SWA's operations in 40 states;
- Plaintiff's suit under the federal Fair Credit Reporting Act can be interpreted as capably by the federal judiciary in Texas as in this district;
- SWA's corporate decisions regarding its background check process all occurred in Texas, where its headquarters are located;
- Texas is more convenient for third parties Sterling Infosystems, First Advantage, and Ultimate Staffing; and
- Texas is more convenient for key party witnesses.

Texas therefore is the undisputed *situs* of material events – the critical factor courts consider when evaluating venue in FCRA nationwide class actions like this. Plaintiff seeks to avoid these cases by arguing that this Court should give great deference to his inexplicable choice of forum, but he disregards Supreme Court authority holding that in a nationwide class action, the plaintiff's choice of forum is "considerably weakened" because each class member could argue with "equal show of right" that his home court is appropriate. *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Deference to that forum choice is particularly inappropriate here since Plaintiff fails to rebut his obvious forum shopping by suing in a district where Plaintiff concedes he neither resides nor worked. Plaintiff moreover fails to identify **any** third-party witnesses located in California, and instead relies on the irrelevant convenience of his Beverly Hills counsel.

As in the numerous cases SWA relies upon, the interests of justice and the convenience of witnesses thus amply warrant transferring this action to the Northern District of Texas. *Smith v. HireRight Solutions, Inc.*, No. 09-6007, 2010 U.S. Dist. LEXIS 55477, at *13-14 (E.D. Pa. Jun. 7, 2010).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

1.

Case No. 16-cv-00749-JCS

## II. ARGUMENT

### A. The Situs Of The Material Events In This Case Supports Transfer To Texas.

#### 1. Plaintiff Does Not Dispute That Courts Have Transferred FCRA Lawsuits To The District Where the Defendant Had Its Headquarters.

While conceding that this action could have been brought in the Northern District of Texas, Plaintiff does not dispute that SWA's headquarters and principal place of business is in Dallas, Texas. Critically here, Plaintiff does not dispute that over the last five years, all decisions regarding SWA's background screening processes and its retention of vendors to recruit and screen applicants were made by corporate employees located at SWA's headquarters in Dallas. (Beutler Decl. ¶¶ 3-4.) All SWA managers responsible for overseeing SWA's background check policies and procedures, including compliance with the FCRA and California laws at issue here, are located in SWA's Dallas headquarters. (*Id*. ¶ 3.) Accordingly, the *situs* of the material events related to this action occurred in Dallas, Texas.

Plaintiff fails to address, much less distinguish, the many persuasive cases SWA relies upon that all **granted transfer of FCRA class actions like this one** to the district where the defendant had its headquarters as the *situs* of material events. (Opening Brief, 6:19-7:6). *See e.g., Smith*, 2010 U.S. Dist. LEXIS 55477, at *13-14; *Roe v. Intellicorp Records, Inc.*, No. 12-CV-02567, 2012 U.S. Dist. LEXIS 121449, at *8-9 (N.D. Cal. Aug. 27, 2012); *Klingensmith v. Paradise Shops, Inc.*, No. CIV.A.07-322, 2007 U.S. Dist. LEXIS 51591, 2007 WL 2071677, at *2-3 (W.D. Pa. Jul. 17, 2007) (noting that an FCRA class action focuses on the conduct of defendant); *Barela v. Experian Info. Solutions, Inc.,* No. CIV.A.04-5144, 2005 U.S. Dist. LEXIS 19105, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (an assessment of the relevant events and alleged harms in a FCRA case points to the defendant's place of business as the appropriate venue); *Harms v. Experian Info. Solutions, Inc.*, No. C-07-0697-JF, 2007 U.S. Dist. LEXIS 40154, at *7-8 (N.D. Cal. May 14, 2007) (granting transfer to district where defendant had principal place of business and stored records); *Henderson v. HireRight Solutions, Inc.*, No. 10-459, 2010 U.S. Dist. LEXIS 56154, at *10-13 (E.D. Pa. June 7, 2010) (granting motion to transfer venue of FCRA nationwide class action). Tellingly, Plaintiff cites *no* cases to refute this established jurisprudence.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

2.

Case No. 16-cv-00749-JCS

### 2. Plaintiff Has No Contacts With This District.

Throughout his opposition, Plaintiff attempts to focus the Court's analysis on alleged contacts between SWA and the Northern District of California. However, no mention is made by Plaintiff of his own contacts with this forum. The reason for that is simple – he had none. It is *undisputed* that Plaintiff does not reside in this district. Furthermore, none of the operative facts of Plaintiff's Complaint occurred within this district. Plaintiff applied for his position with SWA while living in Southern California. He was ultimately hired by SWA and worked at the Los Angeles International Airport. Plaintiff had the opportunity in his opposition to dispute this assertion or provide some evidence that he has contacts with this district. He failed to do so. SWA is still at a loss to understand why Plaintiff filed his lawsuit in this district in the first place.

### 3. SWA's Oakland Field Office Does Not Support Venue In This District.

Plaintiff mistakenly relies upon one fact gleaned from SWA's motion papers as supposedly justifying venue in this district: the existence of a SWA Oakland, California field office. Plaintiff asserts that "Defendant admits in its motion that employment applications for California employees are processed out of its Oakland office... [and] Defendant's main office in California is the Oakland office." (Oppos. 9:26, 10:1.) Plaintiff also contends that "Southwest's California field office which processed employment applications and background checks is located in Oakland." (Oppos. 11:3-4.) Plaintiff heavily relies upon this contention to argue that SWA has substantial contacts with this district related to Plaintiff's claims.

By calling this one field office "Southwest's California field office," Plaintiff implies that SWA's Oakland office was responsible for collecting application materials for *all* California applicants, including his own. This is false. While the Oakland office was responsible for the Northern California region, the Phoenix, Arizona office was responsible for Southern California – where Plaintiff applied for his position with SWA. (Beutler Decl. ¶¶ 9-10.)[1] As clearly stated in Ms. Beutler's declaration, the employment and recruitment coordinators who worked with Plaintiff

---
[1] In fact, Plaintiff admits that he dealt with a recruitment coordinator in Phoenix, not Oakland. (Oppos. 11:5-7.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

3.

Case No. 16-cv-00749-JCS

were located in the Phoenix, Arizona office – not in Oakland. (*Id*.) Oakland thus has no connection to Plaintiff's own claim.

Second, the fact that SWA has a field office in Oakland does not give this district overriding substantial contacts. Ms. Beutler's declaration explains that background screens were conducted by SWA's background vendors in New York and Georgia and the process was overseen by SWA personnel at the Dallas Headquarters. (Beutler Decl. ¶¶ 4-7.) Moreover, SWA has field offices in *eight* different states. (Beutler Decl. ¶ 15.) Therefore, SWA has no more contacts with this district with respect to Plaintiff's claims than it has with any of the other districts in the eight states in which it has field offices.

### B. Plaintiff Does Not Dispute That The Convenience Of Witnesses Supports Transfer To Texas.

The convenience of witnesses amply supports transfer of venue here and Plaintiff's focus on his own litigation strategy has no bearing on SWA's right to offer testimony of its own witnesses at trial. Plaintiff has not identified any witnesses who would be inconvenienced by moving this case to the Northern District of Texas. In contrast, SWA has identified multiple SWA witnesses from its Dallas headquarters who would be greatly burdened by the need to travel to California for this case – which is an appropriate consideration. *In re Funeral Consumers Antitrust Litig.*, No. C-05-01804, 2005 U.S. Dist. LEXIS 48243, at *14-15 (N.D. Cal. Sept. 23, 2005) (transferring venue, noting "even where a witness is an employee of a party and will be paid, the disruption is still a hard fact."). SWA has also identified essential non-party witnesses who are located closer to Texas than to California. This includes First Advantage and Sterling Infosystems, the vendors who performed the background checks that are the subject of this litigation, and recruiter Ultimate Staffing. *Machado v. CVS Pharmacy Inc.,* No. 13-cv-04501-JCS, 2014 U.S. Dist. LEXIS 20049, at *13-14 (N.D. Cal. Feb. 18, 2014) (granting transfer where non-party witnesses were located outside the original district).

In an effort to minimize this substantial inconvenience, Plaintiff argues the testimony of these witnesses will not be necessary because this litigation "will simply focus on the content of the documents." (Oppos. 11: 9-10.) If that is indeed the case, then Plaintiff will not need to testify

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE 4. Case No. 16-cv-00749-JCS

and therefore is not inconvenienced by a transfer to Texas. Furthermore, Plaintiff neglects to consider that testimony from SWA corporate witnesses will be needed to explain its background screening and hiring processes over the last five years, including identification of the specific consent forms used and how and when those documents may have been modified over the relevant timeframe. In addition, witnesses will be needed simply to identify the putative class. Only the persons who had background checks even conceivably have a shot at statutory damages. Merely signing a consent form is insufficient – the applicant must have been subjected to a background screen to state a claim under the FCRA. This is information that will require the testimony of not only SWA witnesses, but also witnesses from First Advantage in Georgia and Sterling Infosystems in New York. Furthermore, SWA will raise individualized defenses, such as statutes of limitations, which would require the testimony of class members – the majority of whom reside in or closer to Texas.

Here, witnesses located in Dallas also will have relevant testimony for another reason. Assuming *arguendo* the Court finds that SWA's authorization and disclosure forms violated the FCRA and that violation is "willful" – which SWA denies – SWA is entitled to offer testimony from corporate employees on its background check process and compliance procedures to minimize the appropriate level of statutory penalties awarded, which by statute can be set anywhere between $100 and $1,000. 15 U.S.C. § 1681n. Such testimony is anticipated from CJ Beutler, Manager of People and Shari Conaway, Director of People – both of whom live in the Dallas area.

Plaintiff contends that SWA has failed to adequately identify the substance of the anticipated testimony from its named witnesses. However, the sworn and uncontested declaration of CJ Beutler in support of this motion is sufficient to meet this burden. Ms. Beutler described under oath her responsibility for overseeing SWA's background check policies and procedures and ensuring SWA's compliance with laws such as FCRA. (Beutler Decl. ¶ 3.) Ms. Beutler's testimony will focus on SWA's job application process as well as the disclosure and authorization forms signed by candidates. She will also testify regarding the policies and procedures used by SWA to conduct these screenings, including changes to those policies and procedures during the class period. As indicated in her declaration, Ms. Beutler lives 30 miles from the SWA headquarters in Dallas, Texas.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE          5.          Case No. 16-cv-00749-JCS

(Beutler Decl. ¶ 2.) She also described other employees such as Director of People Shari Conaway, former Manager of People Linda Engstrum, and former Senior Manager of People Michael Curtis, who all had day-to-day responsibilities over background screens. (Beutler Decl. ¶¶ 3-4.) These individuals will also testify regarding SWA's background screening policies and procedures. Ms. Beutler's declaration more than adequately informs Plaintiff and the Court of the anticipated testimony of witnesses and equals or exceeds that proffered by defendants who successfully sought transfer of venue in nationwide FCRA class actions. *See, e.g., Smith*, 2010 U.S. Dist. LEXIS 55477, at *18-19 (declarations identified party witnesses' involvement in background screening process); *Roe,* 2012 U.S. Dist. LEXIS 121449, at *8 (identification of employees who could testify on background screening process sufficed).

Finally, Plaintiff's assertion that he will "not likely need to depose many witnesses in Texas" and intends to focus on written discovery instead is irrelevant. (Oppos. 11:11-15.) Plaintiff does not dictate SWA's defense strategy. SWA is entitled to present at trial live testimony from both corporate and non-party witnesses to counter Plaintiff's claims.

### C. The Location And Convenience Of Plaintiff And His Counsel Do Not Override The Convenience Of SWA's Witnesses And Potential Class Members.

Throughout his opposition, Plaintiff refers to the "great expense and inconvenience" transfer would cause Plaintiff and his counsel. This argument, however, is unavailing. "The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)." *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 925 (N.D. Cal. 2015), *quoting Smith v. Aetna Life Ins. Co.,* Case No. C-11-2559 SI, 2011 U.S. Dist. LEXIS 99801, 2011 WL 3904131, at *2 (N.D. Cal. Sept. 6, 2011); *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of the transfer of venue."); *Solomon v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1974) ("The convenience of counsel is not a factor to be considered."). Counsel's convenience is even less relevant given that his law firm is located outside of this district.

Plaintiff's alleged inconvenience is not sufficiently compelling to override the interests of the other putative class members in this case. First, Plaintiff's own actions contradict his

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE

6.

Case No. 16-cv-00749-JCS

plea of inconvenience, given that Plaintiff lives in Southern California but filed this case in Northern California. Therefore, even if transfer were denied, Plaintiff would still be required to travel from his home, assuming he intends to offer testimony, rather than rely on written discovery, as his counsel asserts he will do.

Second, Plaintiff chose to file a nationwide class action. Each of the putative class members in 40 states who Plaintiff seeks to represent has an equal right to attend the trial of this action. Based upon the currently available data, the vast majority of putative class members reside in states closer to Texas than to California.[2] If this case remains in this district, the convenience of most of the putative class members would be disregarded, since 50.3% of applicants reside in the southern United States, and there are more applicants from Texas than any other state, including California. (Beutler Decl. ¶ 15.). The convenience of the majority of class members supports transfer of this action to the more central location of the Northern District of Texas. *See Williams v. Sears Roebuck & Co.*, No. C97-3794-FMS, 1998 U.S. Dist. LEXIS 1859, at *4 (N.D. Cal. Jan. 29, 1998) (any inconvenience experienced by the West Coast plaintiffs and their witnesses due to transferring the nationwide class action to the Northern District of Illinois would be overcome by the convenience of a closer forum for the East Coast plaintiffs and their witnesses); *Evancho v. Sanofi-Aventis U.S., Inc.*, No. C-07-00098-SI, 2007 U.S. Dist. LEXIS 35500, at *15 (N.D. Cal. May 3, 2007) (transferring venue to the Eastern District of New Jersey, in part, because "a greater proportion of the putative class members lives and works on the east coast rather than on the west coast").

**D.      Plaintiff's Choice Of Forum Is Not Entitled To Deference Given His Evident Forum Shopping.**

Plaintiff argues repeatedly that his choice of forum is "entitled to great weight." (Oppos. 1:23-24; 8:14-15.) However, Plaintiff completely ignores the overwhelming litany of cases which hold the exact opposite. The Supreme Court in *Koster* established that in nationwide class

---

[2] Plaintiff argues that SWA's data regarding potential class members is "flawed" because the "only screening that SWA did for all applicants was drug and alcohol testing." (Oppos. 10:4-5, 12-13.) Plaintiff cites to Beutler's declaration to support this allegation. However, nowhere in Beutler's declaration is there any mention of drug or alcohol testing.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE     7.     Case No. 16-cv-00749-JCS

actions, "[w]here there are hundreds of potential plaintiffs…all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is ***considerably weakened***." *Koster*, 330 U.S. at 524 (emphasis added).

Furthermore, Plaintiff entirely ignores the post-*Koster* cases SWA cited holding that Plaintiff's choice of forum receives minimal deference where none of the alleged operative facts with respect to the plaintiff's claims occurred in the district. *See Vasquez,* 77 F. Supp. 3d at 924; *Pacific Car And Foundry Co. v. Pence,* 403 F. 2d 949, 954 (9th Cir. 1968). As Plaintiff concedes: (1) he applied to SWA from Culver City, California, where he lives; (2) none of the recruiters or coordinators who dealt with Plaintiff's application are in Northern California; (3) Plaintiff's application, including his authorization and disclosure for background screening, was processed at SWA's headquarters office in Dallas, Texas; (4) Plaintiff worked at LAX; and (5) Plaintiff does not currently reside in this district. Plaintiff has not alleged, nor can he allege, a ***single intersection*** between the events giving rise to his own claim and this district. Finally, Plaintiff chose to bring a nationwide, rather than a California-only, class action. His choice of forum must therefore be given "only minimal consideration."

All of the cases Plaintiff cites are inapposite. (Oppos. 9:4-15.) In *Rafton v. Rydex Serios Funds,* No. C 10-1171, WL 2010 2629578 (N.D. Cal. June 29, 2010), the court gave substantial weight to the plaintiff's choice of forum in a securities dispute specifically because "the Plaintiff resides in the district and the district has a significant connection to the events giving rise to the action." *Id.* at *2. The Court explained, "these ties to the Northern District are significant because they demonstrate that the harm to Plaintiff, if it occurred at all, occurred in this District and the Defendants could foresee that harm to Plaintiff would accrue here." *Id.* Such is not the case here. Plaintiff does not reside in this district and no events occurred in this district which may have allegedly harmed him.

*Wade v. Industrial Funding Corp.*, No. C-92-0343-RFP, 1992 WL 207926 (N. D. Cal. May 28, 1992) is also clearly distinguishable. In that case, plaintiffs brought a securities action against defendant IFC for fraudulent elevation of its common stock. IFC sought to transfer the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE    8.    Case No. 16-cv-00749-JCS

action from the Northern District of California to the District of Oregon. In denying IFC's motion, the court first found that the majority of the non-party witnesses resided in the Northern District of California and not in Oregon. *Id.* at *2. With respect to plaintiff's choice of forum, the Court found that significant components of IFC's alleged misconduct occurred in the Northern District of California since IFC allegedly instructed salespeople in Pleasanton, California to rapidly expand the company's lease portfolio to artificially inflate its value. *Id.* The Court found these to be "substantial contacts" with the Northern District and therefore chose "not to disregard plaintiff's choice of forum." *Id.* at *3. None of these factors apply to the case at hand. SWA's hiring and background check process emanated from Dallas, Texas, was overseen from Dallas, Texas, and thus any violation of the FCRA – assuming one is proven – occurred in Texas. Plaintiff applied for his SWA job from Culver City, and worked at LAX. Plaintiff has not alleged any events ***related to his claims*** that occurred in the Northern District of California which could constitute significant contacts with this district. *Id.* Indeed, Plaintiff has not provided any reason why this action was filed in Northern California in the first place. Plaintiff's choice of forum should not be given deference.[3]

### E. Plaintiff's California Law Claims Do Not Weigh Against Transfer.

Conceding as he must that a Texas district court is equally capable of resolving federal FCRA class actions, Plaintiff attempts to derail the transfer of this case to Texas by emphasizing his state law claims and discounting the significance of his nationwide class action claims in this case. However, as this district has explained, "when the gravamen of the case involves federal law, a state law claim is usually not a significant consideration on a motion to transfer venue." *Hoefer v. United States DOC*, No. C-00-0918, 2000 U.S. Dist. LEXIS 9299, at *8 (N.D. Cal. June 28, 2000). In *Hoefer*, the court granted transfer of a case despite the fact that plaintiff asserted claims under California's Unfair Competition Act. The court found "the presence of a supplemental state law claim does not weigh heavily against a finding that the District of Columbia

---

[3] The other cases Plaintiff relies upon are not class action cases, and therefore do not apply to the case at hand. *See Royal Queentex Enterprises v. Sara Lee Corp.*, No. C-99-4787, 2000 WL 246599, at *3 (N.D. Cal. 2000); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981); *Commodity Futures Trading Commission v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *E. & J. Gallo Winery v. F. & P.S.p.A.,* 899 F.Supp.465, 466 (E.D. Cal. 1994).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

is the most convenient forum." *Id.* Were it otherwise, plaintiffs could undermine the purpose of the federal transfer statutes simply by asserting state law claims, regardless of their merit.

Plaintiff completely ignores the various cases SWA cites which granted transfer to another state despite the existence of claims under California law. *In re Funeral Consumers Antitrust Litig.*, 2005 U.S. Dist. LEXIS 48243, at *22 ("If the main federal event is clearly better served in the Southern District of Texas than in San Francisco, the pendency of a supplemental state-law claim should not override the indicated result."); *Davis v. Social Service Coordinators, Inc.,* No. 1:10-cv-02372-LJO-SKO, 2013 U.S. Dist. LEXIS 118414, at *14 (E.D. Cal. Aug. 16, 2013) (granting motion to transfer to Texas despite individual California claims). Plaintiff's action is even less grounded in California than the FCRA class action in *Alibris v. ADT, LLC,* No. CV-14-6367-DMG (C.D. Cal. Dec. 29, 2014), where that plaintiff not only brought a CCRAA class action, but several other California class claims, yet the court transferred venue from California to Florida. (RJN, Exh. C.)

Plaintiff instead relies upon inapposite authority. *Sonoda v. Amerisave Mortg. Corp.,* No. C-11-1803-EMC, 2011 U.S. Dist. LEXIS 72234 (N. D. Cal. July 6, 2011) was a Truth in Lending Act case where one of the named plaintiffs resided in the chosen district and applied for the loan in question within the district. *Id.* at *11. Similarly, in *Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995 RS, 2010 U.S. Dist. LEXIS 110296 (N.D. Cal. Oct. 15, 2010) – a wage and hour dispute – the court afforded plaintiff's choice of forum more than minimal deference because "plaintiff does aver that the alleged violations against her occurred in this district at her work site." *Id.* at *21. The court noted "this case is not one where all operative facts occurred elsewhere or where the 'forum has no interest in the parties or subject matter.'" *Id.* (citations omitted). In contrast, the case at hand ***is a case where all the operative facts occurred elsewhere.***

Plaintiff chose not to limit his action to ICRAA and CCRAA claims or limit his class solely to California residents. Plaintiff asserts claims under the FCRA and brings a nationwide class action involving residents in 40 states. Ninety percent of the putative class members will be members only of Plaintiff's nationwide FCRA class. Additionally, Plaintiff's California class claims under the ICRAA and the CCRAA are even less relevant to this venue analysis because these class

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE    10.    Case No. 16-cv-00749-JCS

claims are fatally flawed. The ICRAA permits recovery of actual damages or $10,000, whichever sum is greater, only in individual actions. In *class* actions the statute expressly *excludes* the $10,000 remedy, and requires proof of actual damages. Cal. Civ. Code § 1786.50(a)(1). Similarly, the CCRAA does not permit recovery of statutory damages, *only* actual damages, albeit on a class-wide basis. Cal. Civ. Code §§ 1785.31(a)(1), (2)(A). Since Plaintiff was hired by SWA, he has no actual damages arising from his background screen and thus has no standing to bring these claims on a class-wide basis.

Therefore, the crux of this action is Plaintiff's federal putative class action under the FCRA. Plaintiff's ICRAA and CCRAA claims are merely supplemental claims that cannot weigh against transfer to Texas.

### F. The Northern District Of Texas Has A Greater Local Interest In This Case.

Plaintiff argues that this district has a greater local interest in resolving this matter than the Northern District of Texas because Plaintiff is a California resident who asserts California-based class claims. However, the purpose of the localized interest factor is for the court to consider the current and transferee forums' interests "in having localized controversies decided at home." *Decker Coal*, 805 F.2d at 843. This is not a local controversy since Plaintiff is not a resident of this district and none of the events giving rise to his claim occurred in this district. Plaintiff's complete lack of contacts with this forum means that this district has no more local interest in this case than any of the other districts in the 40 states where SWA has operations.

In contrast, the Northern District of Texas has a significant local interest in this case because SWA is headquartered there. In a comparable case, *Bloom v. Express Servs.*, No. C 11-00009-CRB, 2011 U.S. Dist. LEXIS 43429 (N.D. Cal. April 19, 2011), the defendant Express Services brought a motion to transfer the case from the Northern District of California to the Western District of Oklahoma. While Express did business in California, it was headquartered in Oklahoma. The court found that while California had an interest in the controversy because the plaintiffs were California residents, Oklahoma had "a more substantial interest" as a result of its headquarters in Oklahoma, and transfer was granted. *Id.* at *15.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S MOTION TO TRANSFER VENUE    11.    Case No. 16-cv-00749-JCS

It is undisputed that SWA's headquarters and its principal place of business are in Dallas. Consequently, especially given Plaintiff's complete lack of contacts with this district, the Northern District of Texas has the greater local interest in this matter.

### G. Sources Of Proof Are More Conveniently Located In Texas.

Plaintiff next argues that access to sources of proof does not favor transfer to Texas because the relevant documents may be shared electronically. However, that is not the case for all relevant documents in this case. For example, as noted by Ms. Beutler, SWA no longer has access to the electronic database "Deploy" used by First Advantage. Thus, SWA cannot access the electronic background screening data for employees from January 2010 until early 2014. The only access SWA has to this information is to pull the paper copies from the personnel files of these employees, located in Dallas, Texas. (Beutler Decl. ¶ 6.)

Furthermore, sources of proof include not only relevant documents, but also "employees who are familiar with those records and able to testify about them." *Russell v. Werner Enterprises, Inc.*, No. C-14-3839-PJH, 2014 U.S. Dist. LEXIS 142081, at *6 (N.D. Cal. Oct. 6, 2014). Testimony to explain and authenticate data extracted from the relevant databases for the putative classes will be required to lay the foundation for that data, and that testimony will come from corporate and third-party witnesses – ***all*** of whom are located in or closer to Texas. As noted by the *Roe* court, "'the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located.'" *Roe*, 2012 U.S. Dist. LEXIS 121449, at *10 (citation omitted). Once again, it is irrelevant that Plaintiff claims he will not need live testimony to prosecute his case. Defendant is entitled to solicit live testimony in defense of this action. Accordingly, this factor weighs in favor of transfer.

### H. Trial Will Not Be Delayed By Transfer To Texas.

Plaintiff will not be prejudiced by a transfer because Plaintiff acknowledges that the median time from filing to disposition in the Northern District of Texas is 1.4 months faster than in this district. Furthermore, as Plaintiff himself points out, in assessing court congestion, "the real issue is not whether a dismissal will reduce the court's congestion but whether a trial may be

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE     12.     Case No. 16-cv-00749-JCS

speedier in another court…" (Oppos. at 16; citing *Gates Learjet Corp. v. Jensen,* 743 F. 2d 1325, 1337 (9th Cir. 1984).) Since trial would be speedier in the Northern District of Texas, this factor weighs in favor of transfer.

I. **Any Difference In Costs Between The Two Forums Is Irrelevant Or Weighs In Favor Of Transfer.**

Plaintiff argues that if this case is transferred to Texas, he and his counsel will incur "tremendous costs…traveling to Texas for conferences, hearings, and trial, and locating and retaining local counsel in Texas." (Oppos. 14:1-3.) However, Plaintiff's financial argument has little resonance. The relative financial ability of the parties is "generally not entitled to great weight" in a transfer analysis. *Cordua v. Navistar Int'l Transp. Corp.*, No. C 10-04961 CW, 2011 U.S. Dist. LEXIS 3345, at *10-11 (N.D. Cal. Jan. 7, 2011). Furthermore, given that this case is a class action, the named individual Plaintiff is not likely financing the litigation, as the case Plaintiff relies upon notes. *Sonoda,* 2011 U.S. Dist. LEXIS 72234, at *8.

Additionally, while Plaintiff alone would have to travel for trial or hearings, SWA will have multiple witnesses, all of whom will incur the same "tremendous costs" Plaintiff alleges traveling to California. Moreover, since Plaintiff chose to file this action outside his home district, he will already be incurring travel costs if the case stays in this district. Costs also can be reduced by use of local counsel and telephonic appearances in Texas.

Finally, any inconvenience or expense the Plaintiff may incur if this case is transferred will be mitigated if he prevails. Plaintiff – but not SWA – is entitled to recover reasonable fees and costs if he prevails, so any added cost is a risk SWA would assume. 15 U.S.C. § 1681n(a)(1)(A)(3). If the difference in costs is given any weight, it weighs in favor of transfer.

J. **Plaintiff's Request For Transfer To The Central District Of California Is Improper.**

As a fallback argument, Plaintiff suggests that if the Court is inclined to transfer this case, it should be transferred to the Central District of California. Plaintiff cites no authority to support granting such a request without a formal motion and Defendant is not aware of any. Furthermore, if Plaintiff wished this case to be heard in the Central District of California, he should

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE       13.       Case No. 16-cv-00749-JCS

have brought this case there initially. Plaintiff chose to bring this action in Northern California, and must accept the consequences of filing in a district with which he had no contacts.

In any event, transfer to the Central District of California would not be preferable because that district is no more convenient for the witnesses and majority of putative class members than this district. Furthermore, SWA's headquarters and the *situs* of the material events in this case still remain in Dallas. Phoenix, Arizona is a red herring, as that is not where "all of the identified witnesses involved" reside, but only a few, and Plaintiff does not suggest venue in Phoenix. If Plaintiff desires to focus on individual recruiters and coordinators in SWA's field offices, these witnesses will be spread out across the country. Plaintiff's improper request to transfer his case to the Central District should be denied.

### III. CONCLUSION

Plaintiff brings a nationwide class action alleging that SWA violated the FCRA by providing applicants with willfully non-compliant disclosure and authorization consent forms emanating from SWA's headquarters in Dallas. Ignoring established legal precedent and citing inapposite cases, Plaintiff asks this Court to treat his class action as a single-plaintiff case and defer to his choice of a forum even though this district has no connection to Plaintiff whatsoever. Plaintiff cannot have it both ways.

The undisputed *situs* of material events is in Dallas, Texas, and Plaintiff's choice of forum is not entitled to great deference in a nationwide class action where he is engaged in forum shopping. Plaintiff does not dispute or even distinguish numerous opinions holding that FCRA actions commonly are resolved in the district where the background screening process was centered. Here that is Dallas, Texas, where SWA made its corporate decisions, including those related to its background screening process. The convenience of the parties and witnesses and the interests of justice amply support transfer of this nationwide class action to the Northern District of Texas. SWA's motion to transfer venue to the Northern District of Texas should be granted.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE    14.    Case No. 16-cv-00749-JCS

Dated: April 8, 2016

                                         */s/ Alison S. Hightower*
ROD M. FLIEGEL
ALISON S. HIGHTOWER
GILBERT CASTRO
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REPLY ISO SOUTHWEST AIRLINES CO.'S
MOTION TO TRANSFER VENUE — 15. — Case No. 16-cv-00749-JCS